# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

See Attached Sheets for plaintiff and for defendants

_____,

_____,

_____,

*(Write the full name of each Plaintiff
filing this complaint. If there is
insufficient space to list the names of
all Plaintiffs, please write "see
attached" in the space above and
attach an additional page with a full
list of names.)*

**Case No.:** 4:17cv455 MW-CAS
*(To be filled in by the Clerk's Office)*

**v.**

_____See Attached Sheets for Plaintiff and For Defendants

_____,

*(Write the full name of each Defendant
who is being sued in this complaint. If
there is insufficient space to list the
names of all Defendants, please write
"see attached" in the space above and
attach an additional page with a full
list of names.)*

**Jury Trial Requested?**
☑ **YES**   ☐ **NO**

_____ /

PLAINTIFF


Dr. John William Munson Phd.
1707 S Gadsden St.
Tallahassee Florida 32301

DEFENDANTS


Rick scott individually and his official
capacity as Governor of the State of
Florida, Stae Capitol Tallahassee Fl.

andrew gillium individually and his officiak
capacity as mayor of the city of Tallahassee
Florida, 300 S Adams, Tallahassee Fl.
micheal deleo
walter mcniel induividually and in his
official capicity as chief of police a
division of the City of Tallahassee Fl,

walter mcniel individually and in his official
capacity as Shefiff of Leon County, a division
of the State of Florida,2825Municiple Way,
Tallahassee Fl.

david perry individually and in his official
capity as chief of police for
Florida Stae University, a division of the
Stae of Florida, 830 W Jefferson St,
Tallahassee Florida.

UNKNOWN NUMBER OF UNKNOWN POLICE , STATE COUNTY AND CITY

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff(s)

1. Plaintiff's Name: _____Dr. John William Munson Ph._____

   Address: _____1707 S. Gadsden St Tallahassee Flor3ida 32301_

   _____

   City, State, and Zip Code: _____

   Telephone: ____850-495-0800 if phone is returned by defendANTS___
   *(Home)* _____*(Cell)*

2. Plaintiff's Name: _____

   Address: _____

   _____

   City, State, and Zip Code: _____

   Telephone: _____ *(Home)* _____ *(Cell)*

   *(Provide this information for any additional Plaintiffs in this case by attaching additional pages, as needed.)*

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

Are you bringing suit against (*check all that apply*):

☑Federal Officials (*Bivens case*)          ☑ State/Local Officials (*§ 1983 case*)

## III.    STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** which show why you are

entitled to relief.  Describe how ***each*** Defendant was involved and what each

person did, or did not do, in support of your claim.  Identify when and where

the events took place, and state how each Defendant caused you harm or

violated federal law.  Write each statement in short numbered paragraphs,

limited as far as practicable to a single event or incident.  ***Do not make legal***

***argument, quote cases, cite to statutes, or reference a memorandum***.  You

may make copies of the following page if necessary to supply all of the facts.

Barring extraordinary circumstances, no more than five (5) additional pages

should be attached.  ***Facts not related to this same incident or issue must be***

***addressed in a separate civil rights complaint.***

Plaintiff had some FOUR cases filed in United States District Court.
~~CASE NUMBERS;    4;16-cv-0563~~
4;16-cv-0642
4;16-cv-683
5;16-cv-295,
ALL FOUR CASE HAVE NOW BEEN CLOSED! One of those case was for Tallahassee Police
Harrassment! ~~This is appearently th rpot main cause of this loose police conpricty~~
to harrass, hex, vex and arrest plaintiff for various BS charges  such as the current
charge of Tresspassing in the FSU Strozier Library When on or about sept ____ 2017
with a ~~FSU ISSUED GUEST PASS TO BE IN THAT LIBRARY!~~ All plaintiffs property
is now within the boundries of the police action of the FSU CHIEF OF POLIKE CHIEF
including ~~some 2 inches of prepared filings to to police~~
harrassment cases and no way to get them without futher arrests!
Previos charges have returned an opine of mental disorder when never before did this plaint
suffer from ~~such disorder of niether shizophrenhiafor nor actual skitzo-~~
phrenia as per a set of charts within the DSM 4 and  DSM 5 TR Manuals!!!!!!!!!!
Actual disorder of Mr Munson may be Uni-Polor as there is NO down side to some 73
years of age.
When arrested no proper medication was provided by defendants within the jails nor
was Mr. Munson Doctor Prescribed Medication RETURNED TO HIM! The defendants purportedly too

**Factual Allegations, Continued** *(Page ___ of ____)*

Mr. Munson Recieves Social Security Benifits. The SEVERAL POST OFFICES
~~have delayed those paper checks to avail hardship even for food.~~
The Florida EBT Food stamp Card was delayed SOME 9 Months by unknown
persons listed as defendants.

All Identifacation was stolen once again on or aboutfriday~~sept~~ OCT 1 or 2 2017 to fu[t]
~~further complicate the harrassment by defents them all!~~ It appears quite clear
defendants scheem of secret operations within the city of tallahessee  as
denoted by the local Paper, The Tallahassee Democrat, must be investigated
~~as an series of investigation of obstruction of~~ Federal Justice and Civil
Rights violation of US Constitution al Right to Privacy
and the right to be left ALONE. Mr munson was legally injured by the action
of defendants and each of the wuthin thier scope of control!

_____

_____

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the

court to order.  Do not make legal arguments.  Include any basis for claiming

that the wrongs alleged are continuing at the present time.  Include the

amounts of any actual damages claimed for the acts alleged and the basis for

these amounts.  Include any punitive or exemplary damages claimed, the

amounts, and the reasons you claim you are entitled to actual or punitive

money damages.  _____

    Mr. Munson seeks damages of $1,000,000.00 from each of the defendants
and punitive and exmpliary damages to the limit of the LAW!

_____

_____

## V. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below

that to the best of my knowledge, information, and belief, this complaint: (1)

is not being presented for an improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation; (2) is

supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: _Oct 6 2017_ Plaintiff's Signature: _____

Printed Name of Plaintiff: _____ John William Munson _____

Address: _____ 1710 S. Gadsden St. _____

_____ Tallahassee Fl. 32301 _____

E-Mail Address: _____

Telephone Number: _____ 850 405 0800 if Relayed by Police _____

*(Additional signature pages must be attached if there is more than one Plaintiff.)*

ATTACHMENT A FRM THE WASTLAW TERMINAL, FLORIDA SUPREME COUT

# Public records fight: Mayor's office whited out calendar

<u>Jeffrey Schweers</u>, Democrat staff writer    Published 7:12 p.m. ET Aug. 4, 2017 | Updated 7:25 p.m. ET Aug. 4, 2017

documents





(Photo: Hali Tauxe/Democrat)

A 33-file email dump from Tallahassee Mayor Andrew Gillum's office this week was the result of legal pressure from the Tallahassee Democrat over previously withheld information the City Attorney claimed was personal and therefore exempt from the state's public records law.

Concerned that such an interpretation could give officials wide latitude to delete almost anything under the guise of not being city business, the Democrat hired a First Amendment lawyer to negotiate the release of the redacted records.

One of the just released items that had been redacted includes a dinner date with people named in two FBI subpoenas seeking information on the business dealings of the Tallahassee Community Redevelopment Agency and the city's lobbyist.

Another redacted event was for tapas and drinks with two people believed to be part of the investigation who spent two years in town posing as potential developers.

**More:** City officials could be reimbursed for legal fees in FBI probe (/story/news/2017/07/30/city-officials-could-reimbursed-legal-fees-fbi-probe/508466001/)

"If the Mayor's calendar is his official calendar, then everything in it is a public record and there is no general exemption for personal information contained in a public record," First Amendment Foundation President Barbara Petersen said in an email to the Democrat. "The calendar is the public record; the entries are information contained in the public record and can be redacted only if there's a specific statutory exemption."

The redacted items followed an opinion issued by City Attorney Lew Shelley in response to an earlier question about emails between Gillum and his chief of staff, Dustin Daniels sent on March 2, 2016.

The subject of those emails had to do with editing the mission statement of Gillum's Forward Florida political committee, which is raising money for his gubernatorial campaign. After reviewing 13,000-plus emails from the Mayor's Office, the Democrat found the office entangled in personal, city business and professional work.

When the Democrat asked Gillum to explain the Forward Florida work, Daniels forwarded the following statement from Shelley:

"In 2003, the Florida Supreme Court stated in State vs. City of Clearwater, that personal emails of government employees on government owned computers which were not made or received in the course of official business did not constitute public records.

"In accordance with this decision, City policy maintains that employees may use City email for incidental personal use. This could include anything from personal appointments, involvement with outside organizations, and any correspondence that is not related to City business. This has been a common practice at the City since at least 2003."

John Bussian, a First Amendment lawyer hired by the Democrat to negotiate the release of those records, said in a letter to city officials that the Mayor's calendar is clearly a public record under the state's public records act and under the unanimous holding in the Times Publishing v. Clearwater case.

**Full screen**

**Photos: FBI fake-out? Anatomy of an undercover operation**

"Unlike e-mail in the Clearwater case, the Mayor's calendar was obviously maintained to memorialize all manner of government and campaign business," Bussian wrote. "And there is no exemption in the Public Records Act or elsewhere in the Florida Statutes that justifies the City's refusal to release all of the calendar entries."

**More:** Gillum's 'gray area': Emails reveal a mayor's office entangled in professional and political work (/story/news/2017/04/22/gillums-gray-area-emails-reveal-mayors-office-entangled-professional-and-political-work/100657498/)

Some of the restored calendar items released by Gillum's office show public events and appointments with other city officials that had previously been deleted. They also show Gillum's travel arrangements on behalf of People for the American Way, a nonprofit group he worked for up until February.

Some of the previously withheld items include meetings that relate to the ongoing FBI investigation now before a grand jury.

One previously deleted appointment includes a Feb. 1 dinner at Sage Restaurant with John "J.T." Burnette and Kim Rivers, who both appear on the FBI subpoenas. Also in attendance was city lobbyist Sean Pittman, who helped run Gillum's past city commission campaigns. Pittman also lobbied for Trulieve, a medical marijuana company managed by Rivers.

Van Pelt said the Sage dinner was social and no city business was discussed.

Also disclosed is a previously redacted calendar item for a meeting between the Mayor and Edison owner and lobbyist Adam Corey with Mike Miller and Brian Butler, two shadowy developers sources close to the FBI investigation said are undercover agents.

**Buy Photo**

A side-by-side comparison of redacted and unredacted calendars from the Mayor's Office. (Photo: Jeffrey Schweers/Tallahassee Democrat)

Miller had been on the scene and rubbing elbows with Tallahassee's business and civic leaders since at least August 2015, when he attended the Tallahassee Chamber of Commerce Annual Conference in Sandestin.

Another Democrat public records request produced emails showing Miller met with city and county planners last summer to discuss what he could build on several blocks of South Monroe Street that had been recently folded into the Greater Frenchtown/ Southside redevelopment district.

*Contact Schweers at jschweers@tallahassee.com. Follow him on Twitter @jeffschweers*

Read or Share this story: http://www.tallahassee.com/story/news/2017/08/04/public-records-fight-mayors-office-whited-out-calendar/507765001/

The files were emailed Thursday to the Democrat and other media outlets from the Mayor's office, bypassing the city's public records office and the usual protocol of only releasing public records to the people or entities that ask for them.

"Attached are email files from our office that were requested by a local media outlet," Gillum's aide Jamie Van Pelt said, referencing the Democrat. "I am making them available to other institutions that have written on any subjects related to the contents of these documents."

In the email with the calendar items attached, Van Pelt also said, "the Mayor will continue to fully cooperate with the ongoing FBI work in Tallahassee, and he's been told he's not a subject of their investigation."

The Democrat previously reported Gillum said he met with FBI officials (/story/news/2017/07/27/gillum-met-last-year-possible-undercover-fbi-agent/518631001/).

Van Pelt did not respond to a request from the Democrat to explain why the Mayor's Office was bypassing the public records office.

When first asked about it, City Treasurer Jim Cooke was unaware of the email dump and asked to have the information forwarded to him.

The city had originally redacted and altered appointments, travel and other entries when it fulfilled a public records request made by the Democrat for emails going back to Jan. 1, 2016, containing certain words and phrases.

**More:** City hires former U.S. Attorney at $380 an hour to help with FBI probe (/story/news/2017/07/27/city-hires-outside-lawyers-fbi-probe/516512001/)

**More:** Doyle shared FBI experience on recently concluded investigation (/story/news/2017/07/26/doyle-shared-fbi-experience-videotaped-interview/512313001/)

The information received in May show dozens of calendar entries and entire dates clearly whited out without explanation.

"Calendar entries concerning an employee's private/personal matters even if on a government calendar are not the subject of an exemption; they are simply not public records as defined by Chapter 119," Deputy City Attorney Cassandra Jackson wrote in an email to the city's public records officer on July 20 in response to a query from the Democrat.

A Florida public records expert said redacting that information is a violation of the Florida Sunshine law.

Buy Photo



A side-by-side comparison of redacted and unredacted calendars of Mayor Andrew Gillum show dinner with J.T. Burnette, Kim Rivers and Sean Pittman *(Photo: Jeffrey Schweers/Tallahassee Democrat)*